WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ava Rose, MD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Pioneer Medical Group PLCC, Does I through X,<br><br>　　　　　Defendants. | No. CV-20-02276-PHX-JAT<br><br>**ORDER** |

On March 24, 2021, the Court issued the following Order:

> The complaint in this case was filed on November 24, 2020. Thus, under Federal Rule of Civil Procedure 4(m), service was due by February 22, 2021. Plaintiff did not file a proof of service showing service was completed by February 22, 2021.
> On March 2, 2021, this Court ordered Plaintiff to show cause why this case should not be dismissed for failure to timely serve. Plaintiff responded and claimed service was completed on the only non-fictional Defendant on February 25, 2021 by serving the Arizona Corporation Commission. (Doc. 11 at 8). At no point has Plaintiff acknowledged that such service was untimely under Federal Rule of Civil Procedure 4(m), nor has Plaintiff sought an extension of time to serve. (*See* Doc. 11).
> Instead, Plaintiff's entire response to the show cause order is:
>
>> I contacted process servers soon after the Complaint was filed. Due to COVID protocols and a variety of business reasons, the process was not able to be served at Defendant's office. Evidence of that fact is attached hereto as Exhibits A & B. … Accordingly, process had to be served by substitute service on February 25, 2021. Evidence of that service is attached hereto as Exhibit C.
>
> (Doc. 11).
> The proof of (late) service attached at Exhibit C states in relevant part: "…On February 25, 2021 at 12:22 p.m. I delivered to PIONEER MEDICAL

GROUP PLCC by and through the Arizona Corporation Commission located at 1300 W. Washington St in Phoenix, Arizona the Summons; Complaint for damages…by delivery to Stewart Anderson, stated authorized to accept….." (Doc. 11 at 8).

The Court finds that Plaintiff has failed to satisfy this Court's order to show cause why this case should not be dismissed due to Plaintiff's failure to timely serve. First, Plaintiff's filing shows service was untimely, yet Plaintiff has never sought to extend the deadline. Second, even if Plaintiff's filing was intended to be a justification for late service, neither "COVID protocols" nor "business reasons" explains why Plaintiff did not timely serve.

The process server's affidavits show that the first attempt at service was February 10, 2021, a mere 12 days before the deadline expired. (Doc. 11 at 4). Additionally, this first attempt was at an Executive Suites location that did not house Defendant. (*Id.*). Defendant was not visibly located in the building, was not listed in the building directory, and was not listed as a virtual business. (*Id.*).

The second attempt at service was on February 21, 2021, only one day before the deadline. (Doc. 11 at 6). The process server attempted to serve "Statutory Agent Yagnesh B. Patel at 1752 W. Lark Drive in Chandler, Arizona 85248" but was informed by the Jane Doe at the residence that she knew of neither Pioneer Medical Group nor Mr. Patel. (*Id.*).

The Court finds that neither "COVID protocols" nor "business reasons" explain why Plaintiff did not attempt service until less than two weeks before the deadline, or why Plaintiff failed to locate either the Defendant's business or its agent. Accordingly, cause has not been shown.

Additionally, as relevant in this case, Federal Rule of Civil Procedure 4(e) allows service either (1) by any means authorized under the state rules where the federal court is located or (2) by "(C) delivering a copy of each [of the summons and complaint] to an agent authorized by appointment or by law to received service of process." As is relevant to this case, under the Arizona Rule of Civil Procedure 4.1:

> **(i) Serving a Corporation, Partnership, or Other Unincorporated Association.** If a domestic or foreign corporation, partnership, or other unincorporated association has the legal capacity to be sued and has not waived service under Rule 4.1(c), it may be served by delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires-- by also mailing a copy of each to the defendant.

Plaintiff has not indicated in her show cause response what Rule she was attempting to serve under.

Regardless of whether Plaintiff was serving under the Federal Rule or the Arizona Rule, Plaintiff has failed to show that Stewart Anderson of the Arizona Corporation Commission was an authorized agent by appointment or law to receive service of process for Pioneer Medical Group, PLLC (the Court notes the caption of the complaint uses the initials PLCC; but the complaint itself acknowledges that Defendant is a professional limited liability corporation (Doc. 1 at 1-2)). Additionally, if Plaintiff was attempting to serve under the Arizona Rules, Plaintiff has not indicated whether she was relying on a statute that requires Plaintiff to "also mail[] a copy to each defendant" which did not occur in this case. *See* Ariz. R. Civ. P. 4.1(i).

       Thus, for all of the foregoing reasons, Plaintiff has failed to satisfy this Court's show cause order regarding service in this case. Had service been completed as required by the Rules, Defendant's time to answer or otherwise respond to the complaint has expired. Thus, the next step would be for Plaintiff to seek entry of default. *See* Fed. R. Civ. P. 55(a). However, the Court cannot proceed to default until it is satisfied that service was proper. Accordingly,

       **IT IS ORDERED** that Plaintiff must supplement the show cause response by April 12, 2021 and satisfy the Court that the service completed on February 25, 2021 was adequate to serve Defendant under either the state or federal rules.

       **IT IS FURTHER ORDERED** that by April 12, 2021, Plaintiff must move to extend the deadline to serve under Federal Rule of Civil Procedure 4(m) to February 25, 2021 and show cause why such an extension was necessary.

(Doc. 12).

Plaintiff did not file anything by April 12, 2021. Plaintiff has failed to comply with a Court order and failed to prosecute this case. *See* Fed. R. Civ. P. 41(b). The Court has considered the factors in *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986), and finds that all factors except the preference for resolution of cases on the merits favor dismissal. Further, the Court will impose the less drastic sanction of dismissal without prejudice. Thus,

**IT IS ORDERED** that this case is dismissed, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) and the Clerk of the Court shall enter judgment accordingly.

Dated this 16th day of April, 2021.

James A. Teilborg
Senior United States District Judge